**IN THE COURT OF APPEALS OF IOWA**

No. 18-2107
Filed May 13, 2020

**IN THE MATTER OF THE DOROTHY DRIESEN TRUST DATED JULY 23, 2002,**

**JAY DRIESEN,**
　　　　Appellant.
_____

　　　　Appeal from the Iowa District Court for Sioux County, Jeffrey A. Neary, Judge.

　　　　Jay Driesen appeals from orders approving the final report of the trustee, confirming title to real estate owned by the trust, and imposing sanctions on him. **AFFIRMED.**

　　　　Jay Driesen, Inwood, self-represented appellant.

　　　　Michael J. Jacobsma of Jacobsma Law Firm, P.C., Orange City, for appellee.

　　　　Considered by Bower, C.J., and Greer and Ahlers, JJ.

**AHLERS, Judge.**

This case involves yet another attempt by Jay Driesen to collaterally attack a judgment entered in 2008 pertaining to this trust established by Jay's mother, Dorothy Driesen. As most of the details regarding that judgment and the facts leading up to it are stated in prior decisions of multiple courts, we will not repeat them at great length here. *See In re Guardianship of Driesen*, No. 08-1311, 2009 WL 1491871, at *1-2 (Iowa Ct. App. May 29, 2009) (*Driesen I*); *People's Bank v. Driesen*, No. 10-1676, 2011 WL 3925449, at *1-5 (Iowa Ct. App. Sept. 8, 2011) (*Driesen II*); *Driesen v. Smith*, No. C13-4037-MWB, 2014 WL 24234, at *1-6 (N.D. Iowa Jan. 2, 2014) (*Driesen III*).

In summary, Dorothy Driesen created a revocable trust on July 23, 2002. *Driesen I*, 2009 WL 1491871, at *1. In 2007, Dorothy's daughter, Ruth, filed two actions, one seeking to establish a guardianship for Dorothy and the other seeking to change trustees of Dorothy's trust. *Id*. In October 2007, Dorothy executed an amendment to her trust naming the People's Bank of Rock Valley (People's Bank) as trustee and changing the distribution provisions of the trust to, among other changes, remove Jay as a beneficiary. *Id*. at *2. Shortly thereafter, Jay recorded documents purporting to transfer 150 acres of farmland owned by Dorothy's trust to a Nevada L.L.C. *Id*. As a result, Dorothy filed suit seeking to quiet title to the land in the trust. *Id*. The three proceedings were consolidated and proceeded to trial. *Id*. The district court issued a ruling on August 4, 2008, establishing a guardianship for Dorothy with Ruth named as guardian, finding the trust dated July 23, 2002, to be a valid revocable trust, finding the October 2007 amendment to the trust to be a valid amendment, removing Jay as trustee of the trust,

appointing People's Bank as the trustee of the trust, finding the deed conveying title of the farmland to the Nevada L.L.C. to be null and void, and quieting title to the farmland in the trust. *Id.* Jay appealed, and the district court's order of August 4, 2008, was affirmed on appeal. *Id.* at *3.

In a subsequent lawsuit between People's Bank (as trustee of the trust) and Jay, Jay asserted that a September 2002 amendment to the trust signed by Dorothy made the trust irrevocable, which would have negated the effect of the October 2007 amendment and part of this court's ruling in *Driesen I*. *See Driesen II*, 2011 WL 3925449 at *1. On Jay's appeal from an adverse district court ruling, our court held that Jay's claim that the September 2002 amendment made the trust irrevocable was barred by the doctrine of claim preclusion because not only could Jay have raised such a claim in *Driesen I*, he actually did raise it and lost. *Id.* at *9. Jay's attempt to relitigate the revocability claim "amount[ed] to an impermissible collateral attack on the 2008 judgment." *Id.* at *10.

This appeal stems from events following Dorothy's death in December 2017. After her death, there were a number of details that needed to be addressed before closing the trust, including dealing with two more deeds recorded by Jay purporting to convey title to real estate owned by the trust to Jay and a trust he created as well as various filings by Jay seeking to collaterally attack the August 4, 2008 judgment. On November 20, 2018, the district court issued a series of orders approving the final report of the trustee; finding People's Bank fulfilled its duties as trustee; discharging People's Bank as trustee and closing the trust proceedings after final payment of costs and distribution of the trust assets; declaring the deeds executed by Jay to be invalid, null, and void; confirming the trust as the owner of

the real estate for which Jay had executed the invalidated deeds; and imposing sanctions against Jay in the form of an injunction prohibiting Jay from "making any future claims in any court proceeding that attempts [sic] to collaterally attack the validity of any portion of the [August 4, 2008] judgment" based on the district court's finding that Jay's actions in repeatedly and unsuccessfully attempting to collaterally attack the judgment to be for the purpose of "oppressing and harassing" others in an effort to "cause unnecessary litigation and expense." Jay appeals those orders and the district court's order summarily denying Jay's motion to enlarge pursuant to Iowa Rule of Civil Procedure 1.904(2).

In spite of the fact Jay's notice of appeal indicated he was appealing from the district court's November 2018 orders and the order denying his motion to enlarge, nowhere in Jay's sixty-page brief does Jay point to any terms of those orders that he challenges, nor does he cite any authority relevant to any terms of the orders. Instead, the entire brief asserts various complaints related to the events leading up to the August 4, 2008 ruling that were addressed in *Driesen I*, complaints about the August 4, 2008 ruling itself, complaints about failure to produce documents related to the events resulting in the August 4, 2008 ruling, and various other complaints unrelated to the orders at issue. Because Jay has not brought to our attention any issues related to the orders at issue in this appeal and has not cited any relevant authority demonstrating Jay's entitlement to relief, we deem him to have waived all issues on appeal. *See* Iowa R. App. P. 6.903(2)(g)(3) ("Failure to cite authority in support of an issue may be deemed waiver of that issue."); *Soo Line R.R. Co. v. Iowa Dep't of Transp.*, 521 N.W.2d 685, 691 (Iowa 1994) (noting that mention of an issue, without elaboration or

supportive authority, is insufficient to raise the issue for appellate consideration);

*Cook v. State*, 431 N.W.2d 800, 804 (Iowa 1988) ("Matters contained in a brief point must be sufficient in and of themselves to lay before the court, without independent investigation, the precise ruling complained of and the law applicable."). Additionally, since the only claims Jay makes in his briefs are those seeking to collaterally attack the August 4, 2008 order, we find such claims to be barred by the doctrine of claim preclusion for the same reasons explained in *Driesen II*, 2011 WL 3925449, at *6-10. Therefore, we affirm.

**AFFIRMED.**